## BARCUS v. FARRAR.

Where one of the parties to a contract of exchange, by which one tract of land is exchanged for another, is evicted from the land received by him, the tract given by him in exchange represents the price, and its value, and not that of the land from which he was evicted, must determine the amount of damages.  C. C. 2482, 2633, 2637.

APPEAL from the District Court of West Feliciana, *Stirling*, J.  *Phillips*, for the plaintiff.  *Ratliff* and *Cowgill*, for the appellant.  The judgment of the court was pronounced by

KING, J.  The defendant, *Mary Ann Farrar*, conveyed a lot of ground in

the town of Bayou Sara, with the buildings thereon, of which she declared herself in the act to be the owner, to the plaintiff *Barcus*, in exchange for a tract of land of one hundred and seventy-four acres. From the evidence it appears that, at the date of the exchange, the lot was under seizure, in virtue of a *fieri facias*, the execution of which had been suspended by an injunction obtained by the present defendant. The injunction was dissolved, and *Mrs. Farrar* held to have no claim to the lot. The sheriff consequently proceeded with his writ, and adjudicated the lot, operating an eviction of the plaintiff.

This action has been instituted by the plaintiff to recover back the land which he gave in exchange, or its value, which is alleged to be $800, and the rent of the property from which he has been evicted, from the date of the eviction. The defendant denies, in her answer, that she was the owner of the lot at the date of the exchange, or that by the terms of the exchange she was bound to warrant the title. A decree was rendered against her in the court below for $800, and the rent of the lot from the time of eviction, with the right of satisfying the judgment by reconveying the tract of land received by her in exchange, free from encumbrances created after she required it; and she has appealed.

There was no limitation in the clause of warranty. It is full and complete. The disclaimer now made by the defendant of ownership of the lot of which she declared herself in the act to be the owner, if proved, could certainly be no ground for resisting the plaintiff's claim. The only question which really arises is presented in bills of exception, taken on the trial below by the defendant to the opinion of the court receiving testimony to show the value of the tract of land given by the plaintiff in exchange, as the measure of damages. The defendant contended that the value of the lot from which the plaintiff was evicted was the correct test of the injury he had sustained: The district judge held otherwise; and, in our opinion, he did not err.

The plaintiff had by law the choice, to sue either for damages, or for the land which he gave in exchange. C. C. art. 2633. He claimed in the alternative the land, or, if it could not be restored, its value as damages. In contracts of exchange the parties are considered in the double light of vendors and vendees, and their obligations are governed by the rules which apply to the contract of sale. C. C. 2637. In a sale the purchaser who is evicted is entitled to the restitution of the price. C. C. 2482. The tract of land given by the plaintiff in exchange represents the price, the amount of which, in money, can only be determined by ascertaining the value of the property given. Duranton, Exchange, nos. 543, 545. The value of the property from which the plaintiff was evicted is no criterion by which to determine the amount of damages sustained, that not being the price which he paid.          *Judgment affirmed.*